| | |
|---|---|
| BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>ERIC BECKENHAUER<br>Assistant Branch Director<br>Civil Division<br><br>STEVEN A. MYERS (NY Bar # 4823043)<br>Senior Trial Counsel<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L St. NW<br>Washington, DC 20005<br>Tel: (202) 305-8648<br>Fax: (202) 616-8470<br>E-mail: steven.a.myers@usdoj.gov<br><br>*Attorneys for Defendants* | Samara Spence* (DC Bar No. 1031191)<br>Jeffrey B. Dubner* (DC Bar No. 1013399)<br>Sean A. Lev* (DC Bar. No. 449936)<br>Democracy Forward Foundation<br>P.O. Box 34553<br>Washington, DC 20043<br>sspence@democracyforward.org<br>jdubner@democracyforward.org<br>slev@democracyforward.org<br>(202) 701-1785<br>(202) 448-9090<br><br>*Counsel for Plaintiffs*<br><br>*Additional counsel listed on signature block*<br>*\* Admitted pro hac vice* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| COUNTY OF SANTA CLARA, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>    Defendants. | Case No. 5:21-cv-01655-BLF<br><br>**JOINT STATUS REPORT AND STIPULATED REQUEST FOR ORDER CONTINUING STAY** |

Pursuant to the Court's Order of February 1, 2022, *see* ECF No. 41, the parties respectfully submit the following joint status report addressing further proceedings, together with a stipulated request for an order continuing the stay of this action through June 7, 2022.

1.  This is an Administrative Procedure Act ("APA") case in which Plaintiffs challenge a final rule promulgated by the U.S. Department of Health and Human Services ("HHS") entitled *Securing Updated and Necessary Statutory Evaluations Timely*, 86 Fed. Reg. 5694 (Jan. 19, 2021) (the "SUNSET

Rule"). The SUNSET Rule provides, in essential part, that nearly all regulations issued by HHS in Titles 21, 42, and 45 of the Code of Federal Regulations shall expire at the end of (1) five calendar years after the year that the SUNSET Rule first becomes effective, (2) ten calendar years after the year of the regulation's promulgation, or (3) ten calendar years after the last year in which HHS assessed and, if required, reviewed the regulation, whichever is latest.

2. Plaintiffs filed their complaint challenging the SUNSET Rule on March 9, 2021. *See* ECF No. 1. Plaintiffs alleged that the SUNSET Rule is *ultra vires*, *see id.* ¶¶ 123-30; arbitrary and capricious, *see id.* ¶¶ 131-33; in violation of the APA's notice-and-comment requirements, *see id.* ¶¶ 134-39; and in violation of HHS's Tribal Consultation Policy, *see id.* ¶¶ 140-44. Plaintiffs further alleged that the SUNSET Rule threatens imminent and irreparable harm to them and the general public, including by creating regulatory confusion and uncertainty that will impede their ongoing operations, budgeting, and planning activities. *See, e.g.*, *id.* ¶¶ 100-02; *see generally id.* ¶¶ 95-122.

3. As promulgated, the SUNSET Rule was scheduled to become effective on March 22, 2021. *See* 86 Fed. Reg. at 5694. Shortly before the SUNSET Rule became effective, HHS postponed its effective date for one year, to March 22, 2022, pursuant to 5 U.S.C. § 705. *See* 86 Fed. Reg. 15,404 (2021). While HHS did not concede liability, HHS stated that it "believes that the Court could find merit in some of Plaintiffs' claims." *Id*. at 15,405. In particular, HHS stated that, in contrast to its prior findings, it "now believes it is likely some regulations would expire without any additional process" and that this outcome raises legal questions about whether "regulations promulgated through notice and comment rulemaking can be terminated through an umbrella rule without individual consideration of the expiring regulations, including any reliance interests." *Id*. at 15,406. HHS further stated that it "may have significantly underestimated the burden" of the rule and that the rule's magnitude and timing "may have impeded the full and deliberate consideration of all the potential issues related to the SUNSET rule." *Id*.

4. On October 28, 2021, HHS issued a Notice of Proposed Rulemaking proposing to withdraw or repeal the SUNSET Rule. *See* Dep't of Health & Human Servs., Securing Updated and Necessary Statutory Evaluations Timely; Proposal to Withdraw or Repeal, 86 Fed. Reg. 59,906 (Oct. 29, 2021). HHS stated that it "reexamined the SUNSET final rule in light of the allegations in" this case, among other

1  things. *Id*. at 59,908.  The comment period closed on December 28, 2021, and HHS received approximately 80 comments.  If the withdrawal rule were to issue as proposed, Plaintiffs' claims in this case may become moot.

5.  Last week, HHS postponed the effective date of the SUNSET Rule for an additional six months, to September 22, 2022.  *See* 87 Fed. Reg. 12,399.  HHS does not concede liability, but it explained that the interests of justice warranted a further stay of the effective date through September 22 because "(1) A postponement will permit HHS to continue and complete its review of the SUNSET final rule in light of the claims raised in the litigation; (2) the resolution of the rulemaking will inform the government's position in this lawsuit; and (3) based on HHS's review of the Complaint, HHS believes that the Court may find that: (a) Some of Plaintiffs' claims have merit; (b) Plaintiffs' allegations of harm are credible; and (c) the balance of equities and the public interest warrant postponement of the effective date to preserve the status quo while the Court considers the challenge to the SUNSET final rule." *Id.* at 12,399. HHS's present expectation is that it will complete any rulemaking prior to the new effective date, and that further postponements will not issue.

6.  The parties therefore jointly request that the Court continue the stay of this action through June 7, 2022, and direct the parties to file a joint status report proposing a schedule for further proceedings by that date.

Date: March 7, 2022                     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ERIC BECKENHAUER
Assistant Branch Director
Civil Division

/s/ *Steven A. Myers*
STEVEN A. MYERS (NY Bar # 4823043)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 305-8648
Fax: (202) 616-8470
E-mail: steven.a.myers@usdoj.gov

*Attorneys for Defendants*

JOINT STATUS REPORT AND STIPULATED REQUEST FOR ORDER CONTINUING STAY
CASE NO. 5:21-CV-01655-BLF

/s/ *Jeffrey B. Dubner*
Jeffrey B. Dubner* (DC Bar No. 1013399)
Samara Spence* (DC Bar No. 1031191)
Sean A. Lev* (DC Bar. No. 449936)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
sspence@democracyforward.org
jdubner@democracyforward.org
slev@democracyforward.org
Telephone: (202) 448-9090

*Counsel for All Plaintiffs*

James R. Williams (CA Bar No. 271253)
County Counsel
Greta S. Hansen (CA Bar No. 251471)
Douglas M. Press (CA Bar No. 168740)
Laura S. Trice (CA Bar No. 284837(
Office of the County Counsel
County of Santa Clara
70 West Hedding Street, East Wing, 9th Fl.
San José, CA 95110-1770
laura.trice@cco.sccgov.org
Telephone: (408) 299-5900

*Counsel for the County of Santa Clara*

Lisa S. Mankofsky* (DC Bar No. 411931)
Matthew Simon* (DC Bar No. 144727)
Center for Science in the Public Interest
1250 I Street, NW, Ste. 902
Washington, DC 20005
lmankofsky@cspinet.org
msimon@cspinet.org
Telephone: (202) 777-8381

*Counsel for Center for Science in the Public Interest*

Adeline S. Rolnick*
Natural Resources Defense Council
1152 15th Street NW, Ste. 300
Washington, DC 20005
arolnick@nrdc.org
Telephone: (202) 513-6240

JOINT STATUS REPORT AND STIPULATED REQUEST FOR ORDER CONTINUING STAY
CASE NO. 5:21-CV-01655-BLF

*Counsel for Natural Resources Defense Council*

\* *Admitted pro hac vice*

**LOCAL RULE 5-1(i) ATTESTATION**

I attest that I have obtained Jeffrey Dubner's concurrence in the filing of this document.

<u>/s/ Steven A. Myers</u>
Steven A. Myers

JOINT STATUS REPORT AND STIPULATED REQUEST FOR ORDER CONTINUING STAY
CASE NO. 5:21-CV-01655-BLF

# [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED. The case shall remain STAYED through June 7, 2022, by which date the parties shall submit a joint status report proposing a schedule for further proceedings.

Dated: March 8, 2022

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE